AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): *Pedro Castelo Amanico* | Docket or Case No.: *D-18-1961-CR* |
|---|---|

| Place of Confinement : *Texas Department of Criminal Justice-Id* | Prisoner No.: *02272809* |
|---|---|

| Petitioner (include the name under which you were convicted) *Pedro Castelo Amanico* | Respondent (authorized person having custody of petitioner) v. *Bobby Lumpkin, Dir.* |
|---|---|

The Attorney General of the State of:

FILED

DEC 1 8 2023

## PETITION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *358th District Court, Ector County, Tx*
    *300 North Grant Ave., Rm 322*
    *Odessa, Tx 79761*

    (b) Criminal docket or case number (if you know): *D-18-1961-CR*

2.  (a) Date of the judgment of conviction (if you know): *April 25, 2019*

    (b) Date of sentencing: *April 24, 2019*

3.  Length of sentence: *99 years*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    *Possession Control Substance with Intent to Deliver*

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

     ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Eighth Supreme Justice District, El Paso, Tx*

(b) Docket or case number (if you know): *08-19-00166-CR*

(c) Result: *Affirm Judgment*

(d) Date of result (if you know): *May 12, 2021*

(e) Citation to the case (if you know): *08-19-00166-CR*

(f) Grounds raised:

*1). District Court erred in denying Motion to suppress evidence in violation of 4th Amend U.S. Const.*

*2). District Court erred fundamentally in giving an Article 38.22 instruction charge to the jury in violation of 5th Amend. U.S. Const.*

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

     If yes, answer the following:

     (1) Name of court: *Court of Criminal Appeals of Texas*

     (2) Docket or case number (if you know): *PD-0424-21*

     (3) Result: *discretionary review refused*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 7/28/2021

(5) Citation to the case (if you know): COA No. 08-00166-CR

(6) Grounds raised: The District Court and Court of Appeals erred in denying Motion to Suppress on two grounds: (a) the officer did not have probable cause initially to stop Amancio, but was told to "find" probable cause (b) the stop was impermissibly longer than necessary.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): D-18-1961-CR-W1

(3) Date of filing (if you know): 4/28/2022

(4) Nature of the proceeding: Post Conviction Art. 11.07

(5) Grounds raised:

Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: N/A

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *Denied w/o written order 12/14/2022*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes     ❏ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes    ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ✓ Yes    ❏ No

(2) Second petition:    ❏ Yes    ❏ No

(3) Third petition:    ❏ Yes    ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The District Court and Court of Appeals ERRED in denying Amanico's motion to suppress upon clear showing of violation of the 4th, 5th, 6th Amend. U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The record and testimony by arresting officers shows that the development of probable cause to detain Amanico was by invention, and upon detention when he refuse to give consent to search of his vehicle, he was immediately removed from vehicle, handcuff and place in the back of a patrol vehicle. Had it not been for the circumstances of invention for probable cause, Amanico never would have been stop and detained. Because there was no objective reasoning to conclude he was engaged in criminal activity.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    State Habeas - T.V.C.C.P. Art. 11.07

Name and location of the court where the motion or petition was filed:    Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know):    D-18-1961-CR-W1

Date of the court's decision:    12/14/2022 denied w/o written Order

Result (attach a copy of the court's opinion or order, if available):    -UNATTACHED-

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Eighth Supreme Judicial District, El Paso, Tx

Docket or case number (if you know):    08-19-00166-CR

Date of the court's decision:    May 12, 2021

Result (attach a copy of the court's opinion or order, if available):    -Attached-

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** The District Court committed fundamental ERROR in instructing the jury under Article 38.23 by failing to include AN Applicable paragraph, 5th Amend U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Article 38.23 provides that (a) No evidence obtained by an officer... in violation of any provision of the constitution or laws of the State of Texas, or of the constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue here under, the jury shall be instructed that, if it believes or has reasonable doubt, that the evidence obtained in violation of the provision of this Article, then, and in such event, the jury shall disregard any such evidence obtained.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

N/A

**GROUND THREE:** Trial counsel was ineffective for failing to suppress Amanico's statements to detectives upon arrest, in violation of 6th Amend. U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Immediately after being handcuffed and restrained of his liberty, Amanico made repeated expressed request for an attorney, they continued to interrogate Amanico in the face of his repeated request for counsel. Trial Counsel was aware of this, and failed to seek the suppression of the statements, the State made repeated arguments related to those statements during its closing that severely effected the outcome of the trial...

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *Available through the T.V.C.C.P. Art. 11.07 procedure.*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *State Habeas, T.V.C.C.P. Art. 11.07*

Name and location of the court where the motion or petition was filed: *Texas Court of Criminal Appeals*

Docket or case number (if you know): *2-18-1961-W1*

Date of the court's decision: *Filed 4/28/2022 ; denied 12/14/2022*

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Texas Court of Criminal Appeals ordered an paper hearing only, over Amanico's objections for a full hearing. No reviews higher than this court available.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?                           ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

Page 12 of 16

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

*N/A*

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Steve Hershberger, Security Bank Tower, 600 N. Marienfeld St., Ste. W35, Midland, Tx 79701

(b) At arraignment and plea:

(c) At trial: Same

(d) At sentencing: Same

(e) On appeal: Same

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Amanico Alleges in unsworn declaration he is entitled to tolling of §2254 time limitations, due to State created impediment, which was not fault of his own, where his legal papers were confiscated at Hughes Unit 11/28/2022. Due to serious emergency medical condition he did not have access to his legal papers, as well as, meaningful access to any transport Unit's prison library until 11/10/2023,

Page 14 of 16

AO 241 (Rev. 09/17)

which denied him access to the courts. Amavico requested copies of his medical records 11/27/2023 at Powledge Unit, new unit of assignment, and was told by staff it will take 60 to 90 days. He request hearing of the court to establish the facts. He submit copy of 11/16/2023 property return form, from which his legal papers for this court's § 2254 filing were returned.

Facts: (1) While state habeas was pending; 11/28/2022 Amavico is sent to St. David Hospital, Austin, Tx. emergency transfer for bacterial infection in spine, surgery is performed, discharge 12/31/2022. Property and legal papers confiscated 11/28/2022 at Hughes Unit. (2) 12/31/2022 transferred to Estelle Unit infirmary for 40 days intravenous antibiotic administration. (3) Transferred to John Sealy, Galveston Feb. 2023 to March 2023 for biopsy. (4) Transferred to Beto I infirmary clinic March 2023 for physical therapy to help me walk and stand again. Told at Beto I; I could not have any property, legal papers, or law library until I get my assign unit. (5) May 17, 2023 transferred back to John Sealy, Galveston for follow up. (6) May 21, 2023 sent to Powledge Unit, new unit of assignment. Received property with my legal papers on 11/16/2023. See pg. 23 of memorandum for legal citations in support of tolling and exhibits (A). (7) State habeas was denied 12/14/2022; Amavico had approximately 91 days to file 2254 consistant with exception above, November 13, 2023 should be subsequent starting date.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

       (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Grant Relief under 28 U.S.C. § 2254 (d) statute And the U.S. Supreme Court's Arizona v. Gant decision.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *12/13/23* (month, date, year).

Executed (signed) on *12/13/23* (date).

*Pedro C. Amancio*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

12/13/2023

U.S. District Clerk
U.S. District Court
Western District of Texas
200 East Wall, Rm 222
Midland, TX 79701

Re: Civil Filing; Pedro Castelo Amancio V. Bobby Lumpkin

Dear Professional,

Enclosed please find 28 U.S.C. §2254 Form with attached 27 pgs.
Memorandum of law in brief in support of requested relief. Also
attach Exhibit (A) 2 pgs. And 20 pgs. Opinion No. 08-19-00166-CR
of State Appeal with last three pages being scheduling notices.
Please submit the documents before the Court in my behalf.
Also this letter is to provide you notice my daughter will be
mailing the $5.00 filing fee by money order on 12/14-15/2023.
Which should be at your office by 12/18/2023.

Respectfully Submitted,

Pedro C. Amancio
Pedro Castelo Amancio #02272809

CC: Also enclosed is an self address envelop and stamp, Would the Clerk's
    office please date stamp it received the Petition on the Notice of
    Recipt at pg. 2 herein, And return to the petitioner.

U.S. District Clerk
U.S. District Court
Western District of TEXAS
200 East Wall, Rm 222


RE: Filing, Pedro Castelo Amavico v. Bobby Lumpkin

Notice of Receipt of 28 U.S.C. §2254 Petition

Date: _____ / __ /_____

Clerk, U.S. District
Western District of Texas
200 East Wall, Rm 222
Midland, TX 79701



Pedro Castello Amadico
TDCJ-Id No. 02272809
1400 FM 3452
Palestine, TX 75803

- LEGAL -

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

### Clerk, United States District Court for
### Address
### City, State  Zip Code

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

IECIKO CASTELLA ALVINES
TWCJ-Id No. 02272809
1400 FM 3452
Palestine, TX 75803

U.S. District Clerk
U.S. District Court
200 East Wall, Rm 222
Midland, TX 79701

RECEIVED
DEC 1 8 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

SCREEN
DEC 18 2023

Legal Mail

Legal Mail